Chief Justice Boyle
delivered the Opinion of the Court.
This was an action of debt on a bond executed by Spalding, and Jones as his security, on an-appeal taken to the circuit court of Floyd, from a judgment for §41 66 cents debt, besides costs, obtained by Perkins against Spalding, before a justice of the peace.
Condition of (ie" o ,uet upon.
Aasigumpnt mi breach.
lodgment of ■ be Circuit Court against the declaration.
The condition of an appeal bond to prosecute the appeal with good effect, and pay all costs and damages awarded against him, in case the judgment should be affirmed, is not brolren by non payment of the judgment rendered by the Circuit Court against appellant, for all the costs in both tribu- ' nals, an attorney’s fee excepted.
Triplett for plaintiff; Monroe for defendants,
The condition of the bond is, that "Spalding “should prosecute said appeal with good effect, and all costs and damages awarded against him, “ in case the judgment aforesaid should be affirmed..”'
And, for breach of the condition, the declaration a]jCgUSi }n substance, that Spalding did not prose-cu(e the appeal with good effect, but that, at the duly term, 1821, of the Floyd circuit court, said appeal came on to be heard, and by consent of the parties,, it was considered by the court, that the appellee recover of the appellant, all the costs before that time expended in said appeal by the appellee, except an attorney’s fee, together with his costs expended before the justice of the peace; and it is then avered that the costs aforesaid amount to Bll 15 cents, and that neither Spalding nor Jones had paid said costs.
On a demurrer to the declaration, the circuit court gave judgment for the defendants; to which the plaintiff prosecutes this writ of error.
The amount iu controversy in this case is evidently too insignificant to justify the expenses of the parties, necessarily incurred in bringing it to this court, even if the judgment of the circuit court- had been erroneous; but the judgment of that court is clearly correct. The breach alleged in the condition of the bond is manifestly insufficient to shew a forfeiture of the penalty, and of course is insufficient to maintain the action. The condition of the bond having only required Spalding to prosecute the appeal with good effect, and pay all costs and damages awarded against him, in case the judgment should be affirmed. The judgment, by consent of the parties, for a part of the costs only, shews clearly that the appeal was prosecuted with good effect, and of course that the first part of the condition was complied with, and as the judgment of the justice was not affirmed, the non payment of tiie costs could be no breach of the latter part of the condition.
The judgment must be affirmed with costs.